Summers, C. J..
The husband, Wallace M. Fiesler, was granted a divorce on account of the aggressions of his wife, Emma D. Fiesler, the plaintiff in error.
The wife had filed a cross-petition for alimony, and duly appealed the cause to the circuit court. The circuit court dismissed the appeal for want of jurisdiction, and error is prosecuted in this court. In the final decree the court of common pleas ordered that the cross-petition of the wife for alimony be refused and dismissed the cross-petition. No alimony was allowed to the wife, and the husband was ordered to pay the costs of the action and an attorney’s fee to the wife’s attorney.
*201 It is contended that the statutes make no provision for an allowance of alimony where divorce is granted by reason of the aggression of the wife, but only that the court may adjudge to her a share of the husband’s real or personal property, or both, as it deems just and reasonable, and that, therefore, there can be no appeal, as the statutes provide only for an appeal from an order granting or refusing alimony.
The chapter of'the Revised Statutes relating to divorce and alimony is substantially the same as the act of 1853, 51 O. L., 377. That act expressly, provided that there should be no appeal from a decree for divorce or for alimony, but that there might be an appeal in cases arising under the section providing that the wife may file a petition for an injunction to prevent her husband from disposing of his property. That act was construed in the case of Tappan v. Tappan, 6 Ohio St., 64, decided in 1856. It is there pointed out that it is expressly provided by the act that there shall be no appeal from decrees for divorce or alimony, and that there can be no appeal in such cases under the provisions of the civil code for the reason that the civil code excepts such cases from its provisions. In the opinion, Scott, J., suggests that it might be a proper subject of legislative consideration whether a review of that part of the decree which relates to alimony and the custody of children might not be permitted. Accordingly the act was amended on April 15, 1857 (54 O. L., 131), and an appeal was provided for from any final- judgment allowing alimony, to so much of the judgment or order as related to the ali *202 mony. It is provided by the statutes that the wife may file a petition for alimony alone, or that in case her husband files a petition for divorce she may file a cross-petition for alimony, and it is further provided that when a divorce is granted by reason of the * aggression of the husband that the wife shall be allowed such alimony out of her husband’s real and personal property as the court deems reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of his divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money payable either in gross or installments, as the court deems just and equitable; and when the divorce is granted by reason of the aggression of the wife nothing is said about allowing her alimony, but the statute provides that “the court may adjudge to her such share of the husband’s real or 'personal property, or both, as it deems just and reasonable.” Section 5706, Revised Statutes, reads as follows: “No appeal shall be allowed from'any judgment or ordér'of the court of common pleas under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony, or in cases under section fifty-seven hundred and five; when judgment is rendered for both divorce and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony; and when an appeal is taken by the wife, she shall not be required to give bond.” And the contention here is, as al *203 ready stated, that this section does not authorize an appeal for the reason that the divorce was granted by reason of the wife’s aggression and that in such cases the statute does not provide for alimony, but only for a share of the husband’s real or personal property, and that within the meaning of this section there was no refusal of alimony. The injustice in many cases in not allowing the wife anything in the way of alimony, when the divorce is granted by reason of her aggression, has been pointed out in many cases. The property that the husband has may have been hers before marriage, or she may have contributed as much as he to its acquisition, and in many cases it would not be right that she should be turned away empty handed, merely because she can no longer live with her husband. And in some states such a division of the property has been decreed as alimony even in such cases, and it is for such reason that our statute provides that the court may adjudge her a share of the property. It is in reality an allowance of alimony or in lieu of alimony, and in view of the suggestion of the court made in the case in 6-Ohio State, above referred to, and of the subsequent legislation we -think the legislature must have contemplated that such share of the.property was alimony, and consequently that it is included in the word “alimony” where that word' is used in Section 5706 providing for an appeal. No reason occurs ’to us, and none is suggested in the. statutes, or in the cases, why a distinction should be made as to an appeal between an allowance of alimony, properly so called, and an order for a division of the property, and we *204 think the circuit court was in error in dismissing the appeal.
The right to appeal was not raised in Hassaurek v. Markbreit, Admr., 68 Ohio St., 554.

Judgment reversed.

Crew, Spear, Davis, Si-iauck and Price, JJ., concur.